UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

        Plaintiff,

                                            File No. 2:10-CV-200

v.

                                            HON. ROBERT HOLMES BELL

PATRICIA L. CARUSO, et al.,

        Defendants.
                                    /

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 11, 2012, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendant Resident Unit Officer Nehf's motion for summary judgment (Dkt. No. 48) be granted and that Defendant Nehf be dismissed without prejudice because Plaintiff Michael Gresham did not exhaust grievance remedies against him. (Dkt. No. 68, R&R.) This matter is before the Court on Plaintiff's objections to the R&R (Dkt. Nos. 74, 75), and on his motions to appoint counsel, to consider pleadings and evidence in a related case, *Gresham v. Granholm*, No. 2:09-CV-231 (W.D. Mich.), and for an order to show cause and for preliminary injunction (Dkt. Nos. 78, 80 83, 84).

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of

the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to dismissal of his claims against Nehf because he claims that he produced sufficient evidence to show that he did file grievances naming Nehf, and that his failure to exhaust the grievances was excused because the grievances were never answered or returned and he was on modified access.

A prisoner may not bring an action under 42 U.S.C. § 1983 related to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "To exhaust his administrative remedies, a prisoner must adhere to the institutional grievance policy." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011).

Plaintiff alleges in his amended complaint that on December 29, 2010, Defendant Nehf engaged in actions designed to cover up the rape of plaintiff by two other guards. (Dkt. No. 26, Am. Comp. at 14, Page ID#121.) Defendant produced evidence that Plaintiff filed no grievances against Nehf between December 29, 2010, and January 11, 2011, the date Plaintiff filed his amended complaint. (Dkt. No. 49, Ex. C., Breedlove Aff. ¶ 6.) In his objections, Plaintiff notes that he produced evidence of two grievances he allegedly filed against Nehf on August 31, 2009, and December 29, 2010. (Dkt. No. 57, Pl.'s letter, Attach.

2

1.) Assuming these two grievance forms are sufficient to create an issue of fact as to whether Plaintiff initiated any grievances against Nehf, they still fail to establish that Plaintiff pursued these grievances through the entire administrative review process. Defendant has produced evidence that Plaintiff filed no step III grievance appeals for grievances that originated at the institution where Defendant Nehf worked in 2010 or 2011. (Dkt. No. 49, Ex. D, Russell Aff. ¶ 18 & Attach. 1.) To the extent Plaintiff contends that he was excused from exhaustion because the grievances were never answered, his objection lacks merit because MDOC policy clearly provides that a grievant may pursue a grievance to the next level if it has not been responded to by staff. MDOC Policy Directive 03.02.130(T), (BB), (FF) (effective July 9, 2007). To the extent Plaintiff claims that he was excused from exhaustion because he was on modified access, his objection also lacks merit because he has not rebutted Defendants' showing that Plaintiff was not placed on modified access until January 12, 2011. (Breedlove Aff. ¶ 5.) Moreover, even a prisoner on modified access is able to obtain grievance forms through the Step I Grievance Coordinator. P.D. 03.02.130(KK). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. Nos. 74, 75) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the June 11, 2012, R&R of the Magistrate Judge (Dkt. No. 68) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motions for order to show cause, to appoint counsel, to consider pleadings and evidence in a related case, and for an order to

show cause and for preliminary injunction (Dkt. Nos. 56, 78, 80, 83, 84) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Nehf's motion to stay discovery (Dkt. No. 63) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Nehf are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.


Dated: March 25, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE